UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WINIFRED B. LANHAM,

                        Plaintiff,                      **COMPLAINT WITH**
                                                                                 **JURY DEMAND**
      -against-

CIGNA GROUP INSURANCE, CIGNA CORPORATION,
LIFE INSURANCE COMPANY OF NORTH AMERICA,
ARCADIS CE, INC., and ARCADIS US, INC.,

                        Defendants.
------------------------------------------------------------------X

      Plaintiff, by her attorneys, VALERIE J. CROWN, ATTORNEY AT LAW, P.C., as and for his complaint against Defendants, respectfully alleges:

## I. NATURE OF THE ACTION

1.    This is an action for injunctive and monetary relief arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), ERISA §2, et seq., 29 U.S.C. §§1001 et seq. and is brought pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) because the complaint alleges the failure of defendants The Cigna Group Insurance (hereinafter referred to as "The Plan"), Cigna Corporation, and Life Insurance Company of North America (hereinafter collectively referred to as "Cigna") and defendants Arcadis CE, Inc., and Arcadis US, Inc. (hereinafter collectively referred to as "Arcadis") to pay long term disability benefits and for wrongfully terminating the short term disability benefits provided to plaintiff Winifred Lanham ("Winifred") in violation of the ERIS disability policy.

## II. JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1) this being a suit authorized and instituted pursuant to ERISA, 29 U.S.C. §1132(a)(1)(B). Venue is proper in this district pursuant to 29 U.S.C. §1132 because the

plaintiff resides in this district and, pursuant to 28 U.S.C. §1391(b), because the cause of action arose in this district and further because there is a federal question pursuant to 28 U.S.C. §1331.

### III. PARTIES

3. Plaintiff is, and at all times relevant to this complaint, has been a resident of the County of Rockland, State of New York. Plaintiff is a participant in the Plan within the meaning of ERISA, 29 U.S.C. §1002(7).

4. At all times relevant to this complaint, Plaintiff was employed by Arcadis as an environmental health and safety officer at its office located at 44 South Broadway, White Plains, New York.

5. Defendant Cigna is an employee benefit plan within the meaning of ERISA, 29 U.S.C. §1002(3). Upon information and belief, Cigna has its principal place of business in Dallas, Texas and does business in the State of New York.

6. Upon information and belief, defendant Arcadis is a New York and/or foreign corporation and is doing business in New York.

7. At all times relevant herein, defendant Arcadis is an employer within the meaning of ERISA, 29 U.S.C. §1002(5), a plan administrator within the meaning of ERISA, 29 U.S.C. §1002(16)(A), a plan sponsor within the meaning of ERISA, 29 U.S.C. §1000(16)(B) and a fiduciary within the meaning of ERISA, 29 U.S.C. §1002(21).

### IV. AS AND FOR PLAINTIFF'S CLAIM

8. Plaintiff realleges each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.

9. In or about September 2008, Plaintiff began employment with Arcadis as an environmental health and safety officer and continued to be employed as such until on or about January 25, 2013. By virtue of this employment, she became a participant in the Plan. Plaintiff has been, at all times relevant to this action, a participant of the Plan.

10. On or about January 25, 2013, while employed as an environmental and safety officer for Arcadis, Plaintiff was required to discontinue working due to bipolar disorder, major depression, suicidal ideation, anxiety, adhedonia and was admitted to a psychiatric hospital on July 30, 2013 for the these conditions. At that time Plaintiff also suffered from fibromyalgia, chronic pain syndrome, and widespread spinal diseases including degenerative spondylosis. Plaintiff's symptoms included poor concentration, poor memory, difficulty sleeping, nightmares, fatigue, muscle and joint pain, depression, low self-esteem, anxiety, inability to function, and lack of productivity; she suffered from severe back pain and debilitating side effects of medication she was required to take for her mental illnesses and multitude of spinal diseases.

11. On or about February 1, 2013, Plaintiff was placed on short term disability as a result of her mental illnesses and widespread spinal diseases. She received short term disability monthly benefits in the amount of $10,450.27 beginning February 1, 2013, which were due to be paid for a six month period up to and including August 1, 2013.

12. Plaintiff remained on short term disability until June 23, 2013, during which time she applied for long term disability benefits.

13. On or about July 17, 2013, Plaintiff was notified by Cigna that she would no longer receive her Short Term Disability benefits beyond June 23, 2013. Plaintiff's short term disability benefits should have been paid for the full six month period—expiring on August 1, 2013.

14. Plaintiff's benefits were terminated approximately one month prior to the end of the short-term disability period and only four days following her application to transition her short-term disability benefits into long-term disability benefits. More particularly, CIGNA was in receipt of the long term disability application on or about June 19, 2013 and terminated

3

Winifred's short-term disability benefits in a letter, dated July 17, 2013. Plaintiff was wrongfully terminated, as her medical conditions prevented her from performing "the material duties of her regular occupation and is unable to earn 80% or more of her covered earnings from working in her regular occupation."

15. On or about August 6, 2013, Plaintiff was notified by Cigna that she was not eligible for long term disability benefits because she was not totally disabled as required by the Plan. Cigna did not provide any medical reason as to why it denied Winifred's application for long term benefits. Cigna did not examine Plaintiff's physical or psychiatric condition between the time of its approval of the short term disability benefit and its denial of the long term disability benefits. The Plan Summary sets forth in relevant part that Long Term Benefits are payable until Plaintiff reaches age sixty-five (65) provided the disability began prior to age sixty (60) and the Plaintiff remains disabled. According to the Plan:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. Unable to perform the material duties of his or her Regular Occupation; and
> 2. Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation."

The definition changes after the Disability Benefits have been payable for 36 months. Plaintiff did not recover from her disability on January 25, 2013 (at the time her short term disability benefits began) and August 6, 2013 (at the time her long term disability application was denied). This denial was not supported by any medical evidence, was not in accordance with the Plan, and was arbitrary and capricious.

16. On January 18, 2014 Plaintiff requested reconsideration of the denial of her short term disability benefits to Cigna.

17. On January 18, 2014 Plaintiff requested reconsideration of the denial of her long

4

term disability benefits to Cigna.

18.     On or about January 29, 2014, eleven days following the appeal, Cigna determined that Plaintiff was not entitled to long term disability benefits under the Plan, in a cursory one page letter, alleging that "The medical records do not indicate frequency, intensity or duration of specific symptoms of depression and the severity of her mental condition remains unclear." As for the physical disability, Cigna states: "It remains unclear how the pain Mrs. Lanham (sic) is experiencing is disabling her from performing the work requirements of her own occupation." This decision is unsupported and without a request for additional medical clarification and is therefore, arbitrary and capricious.

19.     On or about February 5, 2014, Cigna stated, in a letter to plaintiff, that it was considering plaintiff's appeal of the termination of short term disability benefits.

20.     On February 7, 2014 Plaintiff appealed the second denial of her application for a long term disability benefits to the Cigna Disability Management Solutions.

21.     On or about February 21, 2014, Disability Management Solutions of Cigna acknowledged receipt of the appeal of the denial of continuing short term disability benefits and the denial of the application for long term disability benefits.

22.     On or about March 27, 2014, Cigna upheld its denial of Plaintiff's second appeal regarding the denial of long term disability benefits. This decision also failed to be supported by a preponderance of the medical evidence presented, was made without any independent psychiatric or medical evaluations of the Plaintiff and was arbitrary and capricious.

23.     On October 23, 2014, plaintiff submitted additional medical documentation and a cogent argument regarding the appeal of the decision to deny long-term disability benefits and in a separate letter, plaintiff appealed Cigna's second decision to uphold the termination of short

term disability benefits.

24. On or about November 7, 2014, Cigna acknowledged receipt of the appeal as to long term disability benefits and refused to review the issues regarding short term disability benefits. No reason, whatsoever, was provided as to the refusal to review the appeal as to the termination of short term disability benefits, which was arbitrary and capricious.

25. On or about December 9, 2014, Cigna upheld its denial of long term disability benefits by arbitrarily and capriciously determining that the complaints of pain were subjective and not substantiated (notwithstanding the multitude of medical records). No doctor, on behalf of Cigna, examined the plaintiff, and the independent review was of the medical records only.

26. Plaintiff has exhausted all internal remedies provided by the Plan and has still been denied the remainder of her short term disability benefits and long term disability benefits to which she is entitled.

27. The failure of Cigna and the Plan to award Plaintiff the remainder of her short term disability benefits and her long term disability benefits pursuant to the Plan is a violation of ERISA, 29 U.S.C. §1132(a)(1)(B) and plaintiff is entitled to a *de novo* standard of review in regard to the adjudication of this claim.

28. As a result of Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial, plus interest, costs and attorneys' fees pursuant to ERISA, 29 U.S.C. §1132(g)(1).

## V. RELIEF

Plaintiff demands judgment against Cigna and the Plan as follows:

A. Declaratory relief determining Plaintiff eligible for short term disability benefits from June 23, 2013 through August 1, 2013 and for long term disability benefits from August 1, 2013 and continuing to date; for group life insurance benefits; and applicable pension benefits pursuant to the provisions and contracts of The Cigna Insurance Plans.

B.     Damages to be determined at trial, in an amount equal to the amount plaintiff would have received for the remaining short term disability benefits and for long term disability benefits had she been declared eligible, beginning August 1, 2013 to the date of trial.

C.     Damages in an amount equal to the loss of group life insurance and a pension that plaintiff would have received as a recipient of long term disability benefits under the Plan or in the amount paid for replacement coverage.

D.     Interest on all amounts awarded from June 23, 2013 and attorneys' fees pursuant to ERISA, 29 U.S.C. §1132(g)(1).

E.     Such other and further relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial with respect to all issues and claims properly triable before a jury.

Dated:  New City, New York
          January 19, 2016

**VALERIE J. CROWN, ATTORNEY AT LAW, P.C.**

By: _/s/ Valerie J. Crown_
Valerie J. Crown
Attorneys for Plaintiff
151 North Main Street, 4th Floor
New City, New York 10956
845-708-5900
(VJC 7682)

Docket No.: 7:16-cv-751
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

WINIFRED B. LANHAM,
                Plaintiff,

-against-

CIGNA GROUP INSURANCE, CIGNA CORPORATION,
LIFE INSURANCE COMPANY OF NORTH AMERICA,
ARCADIS CE, INC., and ARCADIS US, INC.

                Defendants

---

## COMPLAINT WITH JURY DEMAND

---

VALERIE J. CROWN, ATTORNEY AT LAW, P.C.
Attorneys for Plaintiff(s)
Office and Post Office Address
151 North Main Street - 4th Floor
New City, New York 10956
(845) 708-5900

---

Service of a copy of the within      is hereby admitted

---

PLEASE TAKE NOTICE

        NOTICE OF ENTRY
____ that the within is a true copy of the
        entered in the office of the Clerk of the within named Court on

        NOTICE OF SETTLEMENT
____ that an Order of which is within is a true copy
will be presented for settlement to the Hon. one of the judges of the within named Court, on